UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
FREDERICK E. LANDRIGAN,

                            Plaintiff,                       **COMPLAINT**

-against-

LEO R. KAYTES, JR., LEOKAYTES FORD, INC.,
P.O. RON DONNATIN and THE TOWN OF
WARWICK,

                         Defendants.    **07 CIV. 8669**
-----------------------------------------------------------x



### PRELMINARY STATEMENT   JUDGE CONNER

    This civil rights lawsuit challenges the seizure of the plaintiff, an individual without any criminal history, his imprisonment and malicious prosecution by and in conspiracy between and among the defendants to violate his civil rights and coerce and extart money from him. This course of events was orchestrated by the defendant, Leo R. Kaytes, Jr. acting individually and on behalf of Leo Kaytes Ford, Inc.

    The false imprisonment and malicious prosecution of the plaintiff violated the Fourth and Fourthteenth amendments to the United States Constitution because there was no probable cause to believe that the plaintiff had committed any crime. The false imprisonment and malicious prosecution of the plaintiff violated the substantive component of the Due Process Clause because defendants were aware that no crime had been committed and in fact were advised by the Orange County District Attorneys office that the matter was a civil dispute and warned P.O. Ron Donnatin of the Town of Warwick Police Department that he should not detain arrest or charge plaintiff or

{00047674.DOC.}                           1



otherwise use police powers and action to coerce a resolution of the civil dispute in the Kaytes Defendants' favor.

## PARTIES

1. Plaintiff Frederick E. Landrigan is a resident of Warwick, New York.

2. Defendant Leo Kaytes, Jr. is a resident of Warwick, New York with a business address of Leo Kaytes Ford, Inc. Route 94, Warwick, New York.

3. Defendant Leo Kaytes Ford, Inc. is, upon information and belief, a New York corporation with a place of business on Route 94, Warwick, New York.

4. Defendant Town of Warwick is a New York Municipal Corporation.

5. Defendant Police Officer Ron Donnatin is a police officer for the Town of Warwick.

## JURISDICTION AND VENUE

6. The following provisions confer jurisdiction on this court: (i) 28 U.S.C. § 1331, which authorizes jurisdiction in the district courts of civil actions arising under the Constitution, laws, and treaties of the United States; (ii) 28 U.S.C.§ 1343(a)(3), which authorizes jurisdiction in the district courts of actions arising under 42 U.S.C. § 1983.

7. Venue in this district court is proper pursuant to 28 U.S.C. § 1391 (b) in that the plaintiff's causes of action arose in Orange County, which is within the Southern District of New York.

## **FACTS**

8.  On or before February 26, 2007 a civil dispute arose between the defendants Leo Kates, Jr. and Leo Kaytes Ford, Inc. (the "Kaytes Defendants") concerning the performance of repair services on plaintiff's car.

9.  The dispute arose out of the need to replace the engine in plaintiff's car as a result of the Kaytes Defendants' earlier repair of the transmission. Shortly after the delivery of the car to plaintiff with a replacement transmission, the car was returned to the Kaytes defendants because the car was not properly running.

10. Plaintiff was informed that the timing chains on the car's engine had "jumped" and that the engine needed to be replaced. A dispute arose between the Kaytes Defendants and plaintiff as to whether the timing chain was caused to jump, <u>inter alia</u>, by the improper removal and recoupling of the transmission with the engine.

11. As a result of the dispute plaintiff and the Kaytes defendants agreed to a discounted price on the full replacement of the engine, which repair was scheduled to be commenced February 18, 2007. On or about February 26, 2007 plaintiff picked up the car and delivered a check to Leo Kaytes Ford, Inc. in payment for the repair services he was informed and believed had been completed.

12. The car stalled several times before plaintiff got home and he was barely able to get it back to the Kaytes Defendants' place of business to see if they could determine the nature of the problem. Upon inspection, rather than replacing parts of the engine, it became apparent the Kaytes Defendants had used old parts from the replaced engine and/or other used parts and had failed to perform all necessary pre-operation inspections of the car.

13. The car was again left with the Kaytes defendants for repair although plaintiff informed them that the workmanship from the outset of the transmission repair was unworkmanlike and contrary to their agreement, that the engine was damaged in connection with the attempted transmission repair, that the failure to replace all engine parts with new or factory remanufactured parts was improper, that the use of old components of the replaced engine was unauthorized and the failure of the car to run properly after the repeated attempts at repair required a renegotiation of the total repair costs. To this day the transmission and engine do not run properly due to defective and unworkmanlike repairs attempted by the Kaytes Defendants.

14. Plaintiff returned the car to the Kaytes Defendants, informed them that plaintiff had stopped payment on the check given earlier in payment for the repair, that the Kaytes Defendants needed to perform the repair properly before any payment and that they should not attempt to negotiate the check.

15. Although plaintiff picked up the car subsequent to the third attempt at repair, the car has never been properly repaired or in good running order as a result of the failure of the Kaytes Defendants to properly repair the car and replace parts as per the agreement.

16. In discussions with defendant Leo R. Kaytes, Jr. and plaintiff in February and March 2007, plaintiff attempted to resolve the dispute amicably, but was repeatedly informed by Leo Kaytes, Jr. that he need not negotiate with plaintiff because the Kaytes defendants had "friends in the police department" that plaintiff "didn't know who he was dealing with" and that all Kaytes had to do was "call one of [his] police buddies" and plaintiff would be "arrested for a bad check."

17. Subsequent to this threat to use the public police department as a private enforcer of the Kaytes Defendants' civil disputes, the Kaytes defendants in fact called police officer Ron Donnatin, informing him of some of the particulars of the dispute sufficient to put the officer on notice of the civil nature of the dispute, or providing inadequate information to suggest that probable cause existed that any crime had been committed.

18. In that and possibly other conversations the Kaytes Defendants solicited Donnatin to, and Donnatin conspired and agreed with the Kaytes to abuse the law enforcement and criminal procedures that officer Donnatin is sworn to faithfully execute. Kaytes Defendants and Donatin conspired and agreed to threaten and coerce plaintiff to abandon his civil dispute with the Kaytes defendants and/or to extort money to which the Kaytes Defendants were not entitled by threatening plaintiff with wrongful arrest.

19. In or about late March and early April 2007 Police Officer Donnatin contacted the plaintiff and informed him that Donnatin would file charges against plaintiff if he did not immediately pay the Kaytes Defendants in full for the services claimed.

20. Plaintiff provided information set forth in paragraph 8-18 of this complaint to officer Donnatin and offered to provide any and all documents, or other information necessary to the officer's investigation. Officer Donnatin failed and refused to conduct any meaningful investigation of the actual facts of the case, but rather and merely repeatedly threatened plaintiff with charges and arrest.

21. The officer was specifically and definitively informed that the check was good when delivered and that a stop payment was placed on the check only after the car

had to be returned to the Kaytes Defendants on February 21, 2007 due to unworkmanlike and failed attempts at repair, i.e., the services claimed had not been performed. Officer Donnatin merely repeated in response to each relevant fact relayed by plaintiff that plaintiff needed to pay the Kaytes Defendants in full to avoid charges being filed and plaintiff's arrest and public embarassment.

22. Plaintiff after the last of Donnatin's calls in early April 2007 contacted the Orange County District Attorney's office to inform it of the contact from officer Donnatin and the civil nature of the dispute between plaintiff and the Kaytes defendants, speaking with the Assistant District Attorney assigned to handle cases in Warwick Town Justice Court at that time.

23. After listening to plaintiff, the assistant District Attorney to whom plaintiff spoke stated that he was unaware of any charges having been presented for his review and that it sounded as if the dispute was one for the civil courts, i.e. that it was merely a civil dispute.

24. Upon information and belief, officer Donnatin later but before plaintiff's arrest communicated with the same Assistant District Attorney who specifically informed officer Donnatin that there were insufficient grounds to charge or arrest plaintiff with a crime, i.e. there was in the ADA's view of the facts then known to him and officer Donnatin no probable cause to charge or arrest plaintiff.

25. On April 20, 2007 Officer Donnatin again contacted plaintiff and asked him to appear in the Warwick Town police department on April 21, 2007, at a time when officer Donnatin knew that the assistant District Attorney would be unavailable to evaluate any proposed charge and specifically to avoid that evaluation as Donnatin had

already been informed that the Assistant District Attorney did not belived there was sufficient evidence of any crime.

26. Upon his arrival at the police department plaintiff was restrained and confined against his will and charged with felony theft of services, all without probable cause to believe any crime had been committed. Plaintiff again offered documentary and other evidence to assist officer Donnatin in his own investigation and evaluation of the matter. Donnatin informed plaintiff that the only way to avoid arrest, charges being filed and public humiliation by forwarding the particulars of his arrest to the local and possibly other news media was to pay the Kaytes Defendants in full. Despite the legitimate bases presented by plaintiff to dispute the Kaytes Defendants' claim for services rendered and in furtherance of the conspiracy and agreement between and amoung the defendants, Donnatin proceeded to file bogus and false charges against plaintiff.

27. Plaintifff warned Donnatin not to compound his malicious conduct by forwarding the arrest particulars to the media, but nonetheless, and in fulfillment of the defendants' common conspiracy and agreement to totally humiliate plaintiff, Donnatin forwarded information concerning plaintiff's false and improper arrest to the media for general publication, which media thereafter published and disseminated same.

28. The information forwarded by or at the direction of Donnatin and the other defendants set forth the nature of the crime committed by plaintiff as "felony theft of services for an incident on Route 94, Warwick, New York," notably insulating the Kaytes Defendants from any adverse implication of the publication.

29. At a time of said publication, Donnatin and the defendants each knew that no such crime had been committed and proceeded with the publication for purely

malicious purposes. Plaintiff was a member of the community and of good reputation prior to the incidents alleged herein.

30. Upon review of the charges by the Orange County District Attorney's office, a motion was affirmatively made by that office to dismiss all charges against plaintiff as there was not sufficient information to believe a crime had been committed.

31. On September 28, 2007, an order dismissing the frivolous and false charges against the plaintif was entered by Hon. Peter D. Barlet, Town Justice, Town of Warwick.

### FIRST CAUSE OF ACTION

32. The plaintiff realleges paragraphs 1 through 31.

33. By authorizing, directing and taking steps to facilitate the arrest, defendants engaged in a conspiracy to violate the civil rights of plaintiff in violation of 42 U.S.C. § 1983.

### SECOND CAUSE OF ACTION

34. The plaintiff realleges paragraphs 1e through 33.

35. By authorizing, directing and taking steps to facilitate the imprisonment of plaintiff defendants violated the substantive component of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and further violated 42 U.S.C.§ 1983.

### THIRD CAUSE OF ACTION

36. The plaintiff realleges paragraphs 1 through 35.

37. By authorizing, directing and taking steps to facilitate the

prosecution of plaintiff, defendants violated the substantive components of the Due Process Clause of the Fourteenth Amendment to the United State Constitution and further violated 42 U.S.C. § 1983.

## PENDENT STATE CLAIMS

## FOURTH CAUSE OF ACTION

38. The plaintiff realleges paragraphs 1 through 37.

39. By authorizing, directing and taking steps to facilitate the wrongful imprisonment of plaintiff on the bases of false and misleading information and/or pursuant to an agreement to coerce and extort money out of plaintiff, the Kaytes Defendants falsely imprisoned plaintiff.

## FIFTH CAUSE OF ACTION

40. The plaintiff realleges paragraphs 1 through 39.

41. By authorizing, directing and taking steps to facilitate the wrongful prosecution of plaintiff on the bases of false and misleading information and/or pursuant to an agreement to coerce and extort money out of plaintiff, the Kaytes Defendants maliciously prosecuted plaintiff.

## SIXTH CAUSE OF ACTION

42. The plaintiff realleges paragraphs 1 through 41.

43. The by authorizing, directing and taking steps to facilitate the abusive filing of charges against plaintiff on the bases of false and misleading information and/or pursuant to an agreement to coerce and extort money out of plaintiff, the Kaytes Defendants are guilty of abuse of process.

## SIXTH CAUSE OF ACTION

44. The plaintiff realleges paragraphs 1 through 43.

45. The by authorizing, directing and taking steps to facilitate the publication of information concerning plaintiff's arrest on the bases of false and misleading information and/or pursuant to an agreement to coerce and extort money out of plaintiff, the Kaytes Defendants maliciously libeled and slandered plaintiff.

## SIXTH CAUSE OF ACTION

46. The plaintiff realleges paragraphs 1 through 45.

47. The Kaytes Defendants breached there service agreement with plaintiff causing damages in the sum of approximately $5,000.

**WHEREFORE**: plaintiff demands judgment against all defendants, jointly and severally, in the amount of his actual compensatory as well as punative damages as the jury may find just and proper, but in at least the sum of $1,000,000.00, and a declaratory judgment that plaintiff's arrest, confinement and the charges against him were false and improper, the expungment of all records of same and any remedial or corrective record as may serve to restore plaintiff's good reputation, all together with the attorneys fees and costs associated with this action.

## JURY DEMAND

Plaintf hereby demands a trial by jury of all issues so triable.

Dated: White Plains, New York
       October 8, 2007

                                    _____
                                    CLIFFORD G. KLEINBAUM
                                    *Attorney for Plaintiff*
                                    11 Martine Avenue, 12th Floor
                                    White Plains, New York 10606
                                    (914) 644-2000