# GALLAGHER, WALKER, BIANCO & PLASTARAS

ATTORNEYS AT LAW
98 WILLIS AVENUE
MINEOLA, NEW YORK 11501

Telephone (516) 248-2002 • Facsimile (516) 248-2394

GERARD M. GALLAGHER
ROBERT J. WALKER
DOMINIC P. BIANCO
THOMAS E. PLASTARAS
WILLIAM P. NOLAN

JOHN J. KRAMER
MICHAEL P. BIANCANELLO
ETHAN D. IRWIN
KEVIN T. McGRATH

November 2, 2007

CLIFFORD G. KLEINBAUM
11 Martine Avenue, 12th Floor
White Plains, New York 10606

           Re:    Landrigan v. Leo Kaytes Ford, Inc., et al
                  Our File: 4-32240

Dear Counsel:

      Enclosed herewith for service upon you please find a VERIFIED ANSWER dated November 2, 2007 regarding the above captioned matter.

      If you should have any questions and/or comments, please do not hesitate to contact the undersigned.

                                      Very truly yours,

                                      GALLAGHER, WALKER, BIANCO
                                            & PLASTARAS, ESQS.

                                      By_____
                                          ROBERT J. WALKER

RJW/ag
Enclosures

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FREDERICK E. LANDRIGAN,                    **Index #: 07 CIV 8669**

           Plaintiff,

    -against-                                       **VERIFIED ANSWER**

LEO R. KAYTES, JR., LEO KAYTES FORD, INC.,         **JURY TRIAL DEMANDED**
P.O. RON DONNATIN and THE TOWN OF WARWICK,

           Defendant.
-------------------------------------------------------------------X

The defendant(s), LEO R. KAYTES, JR. and LEO KAYTES FORD, INC. by their attorneys, GALLAGHER, WALKER, BIANCO & PLASTARAS, ESQS., answering the Complaint of the plaintiff herein:

### ANSWERING EACH AND EVERY CAUSE
### OF ACTION OF THE COMPLAINT

**FIRST:** Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "1", "19", "20", "21", "22", "23", "24", "25", "27", "30", "31" of the Complaint.

**SECOND:** Admits the allegations contained in paragraphs numbered "2", "3" of the Complaint.

**THIRD:** Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "4", "5", "6", "7", "26", "31" of the Complaint and refers all questions of law to the trial court.

**FOURTH:** Denies the truth of the allegations contained in paragraphs numbered "8", "9", "10", "11" of the Complaint as alleged by the plaintiff, except to admit that work was performed upon the plaintiff's vehicle at the request of the plaintiff, and refers all questions of law to the trial court.

**FIFTH:** Denies each and every allegation contained in paragraphs numbered "12", "13", "15", "16", "18", "47" of the Complaint.

**SIXTH:** Denies each and every allegation contained in paragraphs numbered "14" of the Complaint as alleged by the plaintiff except to admit that plaintiff failed to make payment for the work performed upon the plaintiff's vehicle.

**SEVENTH:** Denies each and every allegation contained in paragraphs numbered "17" of the Complaint as alleged by the plaintiff, except to admit that the matter was referred to the police.

**EIGHTH:** Denies each and every allegation contained in paragraph numbered "28", "29", "33", "35", "37", "39", "41", "43", "45" of the Complaint insofar as the same are alleged as to this answering defendant.

**NINTH:** Repeats, reiterates and realleges each and every admission and denial heretofore made to the allegations contained in the paragraphs mentioned in paragraph numbered "32", "34", "36", "38", "40", "42", "44", "46" of the Complaint with the same force and effect as if here repeated and again set forth at length.

**FOR A FIRST, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANTS RESPECTFULLY SHOWS THIS COURT,
UPON INFORMATION AND BELIEF:**

**TENTH:** Plaintiff's claim is barred, in whole or in part, by reason of the doctrine of absolute immunity.

**FOR A SECOND, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANTS RESPECTFULLY SHOWS THIS COURT,
UPON INFORMATION AND BELIEF:**

**ELEVENTH:** Plaintiff's claim is barred, in whole or in part, by reason of the doctrine of qualified immunity.

**FOR A THIRD, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANTS RESPECTFULLY SHOWS THIS COURT,
UPON INFORMATION AND BELIEF:**

**TWELFTH:** Plaintiff's claim is barred by reason of the existence of probable cause.

**FOR A FOURTH, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANTS RESPECTFULLY SHOWS THIS COURT,
UPON INFORMATION AND BELIEF:**

**THIRTEENTH:** That privilege constitutes a complete defense, in whole or in part, to the action.

**FOR A FIFTH, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANTS RESPECTFULLY SHOWS THIS COURT,
UPON INFORMATION AND BELIEF:**

**FOURTEENTH:** Plaintiff has failed to comply with the requirements of serving and pleading of a Notice of Claim as required by General Municipal Law Section 50-e.

**FOR A SIXTH, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANTS RESPECTFULLY SHOWS THIS COURT,
UPON INFORMATION AND BELIEF:**

**FIFTEENTH:** Plaintiff's claim is barred by guilt.

**FOR A SEVENTH, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANTS RESPECTFULLY SHOWS THIS COURT,
UPON INFORMATION AND BELIEF:**

**SIXTEENTH:** Plaintiff's claim is barred, in whole or in part, by reason of the doctrine of true and fair report.

**FOR A EIGHTH, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANTS RESPECTFULLY SHOWS THIS COURT,
 UPON INFORMATION AND BELIEF:**

**SEVENTEENTH:** Plaintiff's claim is barred, in whole or in part, by reason of the doctrine of absolute privilege.

**FOR A NINTH, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANT RESPECTFULLY SHOWS THIS COURT,
 UPON INFORMATION AND BELIEF:**

**EIGHTEENTH:** Plaintiff's claim is barred, in whole or in part, by reason of the doctrine of qualified privilege.

**FOR A TENTH, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANT RESPECTFULLY SHOWS THIS COURT,
 UPON INFORMATION AND BELIEF:**

**NINETEENTH:** That the statement or statements made, if any, by the defendant(s) LEO R. KAYTES, JR. and LEO KAYTES FORD, INC. concerning the plaintiff were true and thus the plaintiff suffered no wrong and cannot maintain these actions.

**FOR A ELEVENTH, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANT RESPECTFULLY SHOWS THIS COURT,
 UPON INFORMATION AND BELIEF:**

**TWENTIETH:** Plaintiff's claim is barred, in whole or in part, by reason of the doctrine of failure to mitigate damages.

**FOR A TWELFTH, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANT RESPECTFULLY SHOWS THIS COURT,
 UPON INFORMATION AND BELIEF:**

**TWENTY-FIRST:** Plaintiff's claim is barred, in whole or in part, by reason of the fact that the defendants acted in good faith.

**FOR A THIRTEENTH, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANT RESPECTFULLY SHOWS THIS COURT,
 UPON INFORMATION AND BELIEF:**

**TWENTY-SECOND:** Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

**FOR A FOURTEENTH, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANT RESPECTFULLY SHOWS THIS COURT,
 UPON INFORMATION AND BELIEF:**

**TWENTY-THIRD:** The action, in whole or in part, is barred by assumption of risk.

**FOR A FIFTEENTH, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANT RESPECTFULLY SHOWS THIS COURT,
 UPON INFORMATION AND BELIEF:**

**TWENTY-FOURTH:** That any injuries or damages sustained by the plaintiff were occasioned through the negligence and culpable conduct on the part of the plaintiff.

**FOR A SIXTEENTH, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANT RESPECTFULLY SHOWS THIS COURT,
 UPON INFORMATION AND BELIEF:**

**TWENTY-FIFTH:** The action, in whole or in part, is barred by laches.

**FOR A SEVENTEENTH, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANT RESPECTFULLY SHOWS THIS COURT,
 UPON INFORMATION AND BELIEF:**

**TWENTY-SIXTH:** The action, in whole or in part, is barred by waiver or estoppel.

**FOR A EIGHTEENTH, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANT RESPECTFULLY SHOWS THIS COURT,
 UPON INFORMATION AND BELIEF:**

**TWENTY-SEVENTH:** That the acts of the answering party were justified.

**FOR A NINETEENTH, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANT RESPECTFULLY SHOWS THIS COURT,
UPON INFORMATION AND BELIEF:**

**TWENTY-EIGHTH:** That the defendant(s), LEO R. KAYTES, JR. and LEO KAYTES FORD, INC., acted upon probable cause and in good faith.

**FOR A TWENTIETH, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANT RESPECTFULLY SHOWS THIS COURT,
UPON INFORMATION AND BELIEF:**

**TWENTY-NINTH:** That the answering defendant, if found to be at all liable, is entitled to a limitation of that liability pursuant to Article 16 of the CPLR.

**WHEREFORE**, the defendant(s), LEO R. KAYTES, JR. and LEO KAYTES FORD, INC., demands judgment against the plaintiff dismissing the Complaint herein, together with costs and disbursements of this action.

Dated: Mineola, New York
       November 2, 2007

                                    GALLAGHER, WALKER, BIANCO
                                              & PLASTARAS, ESQS.

                                    By_____
                                    ROBERT J. WALKER (RW5403)
                                    Attorneys for Defendants
                                    LEO R. KAYTES, JR. and LEO KAYTES FORD, INC.
                                    98 Willis Avenue
                                    Mineola, New York  11501
                                    (516) 248-2002

TO: CLIFFORD G. KLEINBAUM
     Attorneys for the plaintiff
     FREDERICK E. LANDRIGAN
     11 Martine Avenue, 12th Floor
     White Plains, New York 10606
     (914) 644-2000

STATE OF NEW YORK)
COUNTY OF NASSAU ) ss.:

      **ROBERT J. WALKER**, being duly sworn deposes and says;

      I am a duly registered and practicing Attorney-at-Law; that I am one of the attorneys for the defendant(s), **LEO R. KAYTES, JR.** and **LEO KAYTES FORD, INC.**, herein and that I have read the foregoing **ANSWER** and know the contents thereof and that the same is true to my own knowledge, except as to those statements therein alleged to be upon information and belief and as to those statements, I believe it to be true.

      The source of my knowledge is the contents of a file maintained in my office, which contains various reports of investigations, statements, interviews, copies of official documents, etc.

      The reason this verification is not made by the defendant(s), , **LEO R. KAYTES, JR.** and **LEO KAYTES FORD, INC.**, is due to the fact that said defendant(s),, **LEO R. KAYTES, JR.** and **LEO KAYTES FORD, INC.**, do not reside in the same county wherein I maintain my professional office; to wit: County of NASSAU.

                                                       ROBERT J. WALKER (RW5403)

Sworn to before me this
_____ day of November, 2007

_____
Notary Public

HELEN A. SMITH
Notary Public, State of New York
No. 01SM5038834
Qualified in Nassau County
Commission Expires Feb. 6, 2011

# AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK)
COUNTY OF NASSAU) ss.:

      I, **ANITA GRIESSER**, being sworn, say: I am not a party to the action, am over 18 years of age and reside at Bethpage, New York.

      On November 2, 2007, I served the within **VERIFIED ANSWER** dated November 2, 2007 by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

**CLIFFORD G. KLEINBAUM**
11 Martine Avenue, 12th Floor
White Plains, New York 10606


_____
ANITA GRIESSER

Sworn to before me this
2nd day of November, 2007

_____
Notary Public

HELEN A. SMITH
Notary Public, State of New York
No. 01SM5038834
Qualified in Nassau County
Commission Expires Feb. 6, 2011

Index No. 07 CIV 8669 Year

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FREDERICK E. LANDRIGAN,

Plaintiff,

-against-

LEO R. KAYTES, JR., LEO KAYTES FORD, INC.,
P.O. RON DONNATIN and THE TOWN OF WARWICK,

Defendant.

VERIFIED ANSWER dated November 2, 2007

GALLAGHER, WALKER, BIANCO
& PLASTARAS
Attorneys for

98 WILLIS AVENUE
MINEOLA, NEW YORK 11501
(516) 248-2002
(516) 248-2394 (FAX)

To
Attorney(s) for

Service of a copy of the within

Dated,                           is hereby admitted.

_____
Attorney(s) for

---

PLEASE TAKE NOTICE

☐ that the within is a (certified) true copy of a
   entered in the office of
   the clerk of the within named Court on

☐ that an Order of which the within is a true copy
   will be presented for settlement to the
   Honorable        one of
   the judges of the within named Court, at
                                          on
                                          , at

Dated:

Pursuant to 22 NYCRR 130-1.1, the undersigned, an
attorney admitted to practice in the courts of New York
State, certifies that, upon information and belief and
reasonable inquiry, the contentions contained in the
annexed document are not frivolous.

Dated: _____

_____
Print signer's name

GALLAGHER, WALKER, BIANCO
& PLASTARAS
Attorneys for

98 WILLIS AVENUE
MINEOLA, NEW YORK 11501
(516) 248-2002

To
Attorney(s) for