UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
FREDERICK E. LANDRIGAN,

Civil Action No: 07- CIV 8669

*Plaintiff,*

**VERIFIED ANSWER**

*-against-*

LEO R. KAYTES, JR., LEO KAYTES FORD, INC., P.O. RON DONNATIN and THE TOWN OF WARWICK,

*Defendants.*
--------------------------------------------------------------------------X

The defendant, THE TOWN OF WARWICK, by and through their attorneys, LAW OFFICES OF DONALD L. FRUM, hereby answer the complaint as follows:

1. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "1," "2," "3," "8," "9," "10," "11," "12," "13," "14," "15," "16," "17," "18," "19," "20," "21," "22," "23," "24," "25," "26," "27," "28," "30," and"31," of the complaint.

2. Denies the allegations contained in paragraphs numbered "29," of the complaint.

**AS AND FOR A FIRST CAUSE OF ACTION**

3. The defendant, answering paragraph numbered "32" repeats and reiterates the answer to each and every allegation contained in paragraphs "1" through "31" inclusive as if set forth at length herein.

4. Denies the allegations contained in paragraphs numbered "33," of the complaint.

**AS AND FOR A SECOND CAUSE OF ACTION**

5. The defendant, answering paragraph numbered "34" repeats and reiterates the answer to each and every allegation contained in paragraphs "1" through "33" inclusive as if set forth at length herein.

6. Denies the allegations contained in paragraphs numbered "35," of the complaint.

**AS AND FOR A THIRD CAUSE OF ACTION**

7. The defendant, answering paragraph numbered "36" repeats and reiterates the answer to each and every allegation contained in paragraphs "1" through "35" inclusive as if set forth at length herein.

8. Denies the allegations contained in paragraphs numbered "37," of the complaint.

**AS AND FOR A FOURTH CAUSE OF ACTION**

9. The defendant, answering paragraph numbered "38" repeats and reiterates the answer to each and every allegation contained in paragraphs "1" through "37" inclusive as if set forth at length herein.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "39," of the complaint.

**AS AND FOR A FIFTH CAUSE OF ACTION**

11. The defendant, answering paragraph numbered "40" repeats and reiterates the answer to each and every allegation contained in paragraphs "1" through "39" inclusive as if set forth at length herein.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "41," of the complaint.

**AS AND FOR A SIXTH CAUSE OF ACTION**

12. The defendant, answering paragraph numbered "42" repeats and reiterates the answer to each and every allegation contained in paragraphs "1" through "41" inclusive as if set forth at length herein.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "43," of the complaint.

**AS AND FOR A 2ND SIXTH CAUSE OF ACTION**

13. The defendant, answering paragraph numbered "44" repeats and reiterates the answer to each and every allegation contained in paragraphs "1" through "43" inclusive as if set forth at length herein.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "45," of the complaint.

**AS AND FOR A 3RD SIXTH CAUSE OF ACTION**

14. The defendant, answering paragraph numbered "46" repeats and reiterates the answer to each and every allegation contained in paragraphs "1" through "45" inclusive as if set forth at length herein.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "47," of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

15. The accident or occurrence complained of was caused in whole or in part by the culpable conduct attributed to the Plaintiff including contributory negligence and/or assumption of the risk and that by reason thereof the amount of damages recoverable, if any, shall be diminished in whole or in part by that portion of which the culpable conduct attributed to the Plaintiff bears to the alleged conduct of the defendant which allegedly caused the damages.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

16. The limited liability provisions of Article 16 of the CPLR are applicable.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

17. Plaintiff cannot maintain this lawsuit against the defendant, THE TOWN OF WARWICK, since no prior written notice of any claims dangerous or defective condition was given to the defendant, THE TOWN OF WARWICK, pursuant to the applicable provisions of law of the State of New York and other similar local municipal provisions of law.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

18. The Court lacks personal jurisdiction over the defendant, THE TOWN OF WARWICK, for failure of Plaintiff to comply with the requirements of the General Municipal Law of the State of New York and other similar local municipal provisions of law.

**CROSS CLAIM**

18. As and for a Cross-Claim against the Co-Defendants, LEO R. KAYTES, JR., and LEO KAYTES FORD, INC., the answering defendant respectfully alleges as follows:

19. That if the plaintiff was caused to sustain damages at the time and place set for in the plaintiffs' complaint through any carelessness, and recklessness, and/or negligence other than the plaintiffs' own negligence, carelessness and recklessness, said damages were sustained by reason of the primary carelessness, recklessness and negligence and/or affirmative acts of mission and commission, by the Co-Defendants, LEO R. KAYTES, JR., and LEO KAYTES FORD, INC., individually or their agents, servants and/or employees, with the negligence, if any, on the part of the answering defendant, THE TOWN OF WARWICK , being secondary and/or derivative only.

20. That by reason of the foregoing, the AFORENAMED Co-Defendants, LEO R. KAYTES, JR., and LEO KAYTES FORD, INC., will be liable to the answering defendants in the event and in the amount of recovery herein by the plaintiff or in such amount as the Court or Jury may direct.

**WHEREFORE**, the defendant, THE TOWN OF WARWICK, demands judgment dismissing the complaint of the plaintiff herein, and judgment on the cross-claim, together with costs and disbursement of this action and for such other and further relief as to this Court may seem just and proper.

Dated: Elmsford, NY
November 20, 2007

Yours, etc
LAW OFFICES OF DONALD L. FRUM

By: ______________________
H. Malcolm Stewart, Esq.
*Attorneys for Defendant*
THE TOWN OF WARWICK
565 Taxter Road - Suite 150
Elmsford, NY
914-347-5522

To:
CLIFFORD G. KLEINBAUM, ESQ.
*Attorney for the Plaintiff*
11 Martine Avenue, 12th floor
White Plains, New York 10606
(914) 644-2000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X

FREDERICK E. LANDRIGAN,

*Plaintiff,*

*-against-*

LEO R. KAYTES, JR., LEO KAYTES FORD, INC., P.O. RON DONNATIN and THE TOWN OF WARWICK,

*Defendants.*

---------------------------------------------------------------------------X

Civil Action No.: 07- CIV 8669

DEMAND FOR VERIFIED BILL OF PARTICULARS

S I R S:

PLEASE TAKE NOTICE THAT, pursuant to Article 30 of the CPLR, the answering defendant, THE TOWN OF WARWICK, by their attorneys, **LAW OFFICES OF DONALD L. FRUM**, hereby demand that plaintiff serve on the undersigned attorneys within thirty (30) days from the date of service hereof, a Verified Bill of Particulars with respect to the following matters:

1. State the exact date and time of day of the alleged accident/occurrence.

2. State the exact location of the accident and a description of the location of the accident in sufficient detail to permit ready identification and location, giving distances and directions from roadways, intersections, traffic signals and other objects or landmarks in close proximity.

3. State the manner in which the plaintiff claims, or will claim, the accident occurred.

4. Statement of the acts or omissions of the answering defendant, THE TOWN OF WARWICK, constituting the negligence claimed. If multiple defendants, state separately, the acts or omissions constituting the negligence of each defendant.

5. State whether a dangerous or defective condition is claimed. If so, state:

   (a) The nature of the specific condition, which caused the occurrence and state in detail the location, size and description of each dangerous and/or defective condition claimed.

   (b) State whether the answering defendant, THE TOWN OF WARWICK their agents, servants and/or employees are alleged to have caused and/or created any defective condition claimed. If it is claimed said defendant, THE TOWN OF WARWICK, caused and/or created any defective condition, set forth the date and time said condition was caused and/or created, together with the name and address of the agent, servant and or employee who allegedly caused and/or

      created same.

    (c)   State whether the answering defendant, THE TOWN OF WARWICK, are alleged to have had actual notice of any defective condition claimed. If actual notice is claimed, state how said defendant, THE TOWN OF WARWICK, acquired said notice. If notice was written, set forth a copy of same. If notice was oral, set forth the substance of same and further state the date and place said notice was given and the names and addresses of the persons who gave the notice and to whom notice was given.

    (d)   State whether the answering defendant is alleged to have had constructive notice of any defective condition claimed. If constructive notice is claimed, state the length of time the condition existed prior to the happening of the occurrence (in minutes, hours, days, weeks, etc., as nearly as may be stated).

6.    State the: (a) statutes; (b) ordinances; (c) rules; and (d) regulations, specifying the particular provisions thereof, if any, which are claimed to have been violated by the answering defendant, THE TOWN OF WARWICK .

7.    If notice is claimed, state whether said notice is actual or constructive. If actual, state when and to whom notice was given. If constructive, state how long it is claimed the condition existed and to whom such notice was given.

8.    If it is claimed that the limited liability provisions of CPLR § 1601 do not apply, specify which exception in CPLR § 1602 plaintiff relies upon and separately state this for each defendant.

9.    State the full name, date and place of birth, social security number, residence and marital status of each plaintiff at the time of the alleged accident.

10.   State the address of each plaintiff at the present time, if different from above.

11.   Describe in detail the injuries sustained by plaintiff as a result of this occurrence indicating the exact location, nature, extent, and duration of each injury and their sequelae.

12.   Specifically indicate which injuries are claimed to be permanent.

13.   If the plaintiff claims aggravation, activation and/or exacerbation of a pre-existing injury or condition, set forth the nature, location, extent and duration of each such injury or condition.

14.   State the length of time, if any, it is claimed plaintiff was confined to: (a) hospital (with dates of admission and discharge); (b) bed; (c) to home following the accident; and (d) give the dates of confinement.

15.   State the length of time under medical care.

16.   State the length of time, giving specific dates, plaintiff claims they were: (a) totally disabled;

(b) partially disabled; and (c) unable to pursue their normal occupation.

17. State the plaintiff occupation and the name and address of his employer: (a) at the time of the accident; (b) at the present time; and (c) if self employed or engaged in some other pursuit, so state, indicating the name and address under which plaintiff is/was doing business, any financial loss alleged, and how computed.

18. State the length of time, giving specific dates, plaintiff was incapacitated from employment, school attendance, and/or from attending their usual duties and vocation; the amount of earnings or wages claimed to have been lost including method of calculation, and the base rate of pay, either hourly, weekly, monthly, etc., received by plaintiff at the time of the occurrence.

19. Total amounts, if any, claimed as special damages by reasons of (a) physician's services, giving names and specific addresses of all physicians and the specific dates of service; (b) hospital expenses; (c) medical supplies, drugs and medicines; (d) nurse's services; (e) physical therapy, giving names and specific addresses of all providers and the specific dates of service; (f) each other item of special damage, setting forth, as to each supplier or health service, the name and address and dates of service..

20. State the name and address of each doctor, hospital, clinic, chiropractor, dentist, podiatrist, physical therapist or other health care provider who provided or is providing treatment or other health care services for plaintiff's injuries.

21. If it is claimed that future monies will have to be expended for medical supplies, dental, medical, and/or psychological treatment, state the nature of same and the estimated cost.

22. If loss of services is claimed: (a) state the nature of services claimed to be lost; (b) specify the length of time of such loss; (c) specify the dates of such loss; and (d) specify the amount claimed as damages for loss of services.

23. Identify each person who was present at the scene of the occurrence immediately before, at the time of and immediately after said occurrence.

26. State whether the plaintiff is aware of any witnesses to, or anyone who has knowledge of, the circumstances of the occurrence alleged in the complaint. In the answer to the foregoing is in the affirmative: (a) identify each such witness; and (b) set forth whether or not plaintiff is in the possession of a statement of any such witness, and if so, identify from which witness the plaintiff have statements and the dates of each such statement.

Dated:  Elmsford, NY
        November 20, 2007

Yours, etc
LAW OFFICES OF DONALD L. FRUM

By: ____________________
H. Malcolm Stewart, Esq.
*Attorneys for Defendant*
THE TOWN OF WARWICK
565 Taxter Road - Suite 150
Elmsford, NY
914-347-5522

To:
CLIFFORD G. KLEINBAUM, ESQ.
*Attorney for the Plaintiff*
11 Martine Avenue, 12th floor
White Plains, New York 10606
(914) 644-2000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

FREDERICK E. LANDRIGAN,

*Plaintiff,*

*-against-*

LEO R. KAYTES, JR., LEO KAYTES FORD, INC., P.O. RON DONNATIN and THE TOWN OF WARWICK,

*Defendants.*

----------------------------------------------------------------------X

Civil Action No.: 07- CIV 8669

**COMBINED DEMANDS FOR DISCOVERY AND INSPECTION**

TO PLAINTIFF:

PLEASE TAKE NOTICE, that pursuant to CPLR § 3120 and other applicable sections of the CPLR, the LAW OFFICES OF DONALD L. FRUM, attorneys for the defendant, , demand that you respond to the following demands for disclosure attached hereto, within twenty (20) days, at the Law Offices of Donald L Frum, 565 Taxter Road, Suite 150, Elmsford, New York 10523.

**DEMAND FOR STATEMENTS AND WITNESSES**

1. Complete copies of all statements, recordings, abstracts of recordings, investigator's summaries of statements, writings, photograph's, films/video tapes, taken by or on behalf of plaintiff from or of this demanding party.

2. A complete list of the names and addresses of all persons claimed or believed to have witnessed, or have knowledge of the following:

a. the accident or occurrence or to have first hand knowledge of the same or the facts and circumstances regarding the occurrence;

b. any other acts or omissions claimed to constitute the negligence of any party;

c. any acts or omissions pertaining to the damage suffered or incurred by any party as a result of the negligence of any other party;

d. any facts or circumstances alleged to have constituted actual or constructive notice to any party of the condition alleged to have caused the claimed injuries of damage;

e. the making of any statements or admissions of this demanding party bearing on the issues of negligence, contributory negligence, and culpable conduct of any party hereto;

f. the name and address of any person claiming actual notice to the defendant of any

condition, which allegedly caused the injury, complained of;

g. if a claim of loss of services is made, set forth the names and addresses of any person hired to perform services in the place of each plaintiff.

4. If no such statements exist and/or there are no such witnesses known, so state in reply to this demand.

**DEMAND FOR ACCIDENT REPORTS**

Any written report relating to the accident which is the subject matter of this lawsuit, prepared in the regular course of business or practice of any person, firm, corporation, association, or other public or private entity.

**DEMAND FOR PHOTOGRAPHS**

Original photographs, films, motion pictures and/or video tapes taken of the situs of the accident or occurrence, the parties, the instrumentalities and/or motor vehicles involved, or the physical condition of the plaintiff, taken by or in the possession of the plaintiff, his/her attorneys or insurance carrier and/or their agents, servants and employees and any such materials which the plaintiff or their attorneys intend to utilize as an exhibit or evidence at the trial of this action.

**DEMAND FOR EXPERT INFORMATION**

1. The name and address of each and every person you expect to call as an expert witness at the trial of this action;
2. The area of expertise of each expert witness;
3. The qualifications of each expert witness;
4. In reasonable detail, the subject matter on which each expert is expected to testify;
5. The substance of the facts and opinions on which each expert is expected to testify;
6. Any documents or photographs seen and considered by the expert in rendering the opinion;
7. Copies of photographs to be utilized by expert;
8. A summary of the grounds for each expert's opinion;
9. The substance of the opinion of each expert.

**DEMAND FOR WORKERS' COMPENSATION RECORDS**

Original duly executed and acknowledged written authorizations permitting the undersigned to obtain copies of all Workers Compensation records pertaining to the accident and injury alleged in the complaint from **both** the Workers' Compensation carrier **and** the Workers' Compensation Board.

**MISCELLANEOUS**

Copies of any and all agreements and/or contracts entered into or between the parties and any deposition transcripts already executed.

## DEMAND FOR WORKERS' COMPENSATION RECORDS

Original duly executed and acknowledged written authorizations permitting the undersigned to obtain copies of all Workers Compensation records pertaining to the accident and injury alleged in the complaint from **both** the Workers' Compensation carrier **and** the Workers' Compensation Board.

## DEMAND FOR COLLATERAL SOURCES

1. A verified statement setting forth the amounts claimed by the plaintiff for the cost of:
    a) Medical care;
    b) Dental care;
    c) Custodial care;
    d) Rehabilitation services;
    e) Loss of earnings;
    f) Any other economic loss.

2. Further, it is demanded that the plaintiff list and identify in a verified statement each and every collateral source including, but not limited to, insurance, social security, Workers' Compensation, no-fault, and/or employee benefit programs, setting forth the names, addresses, and policy numbers of each provider of such collateral sources as well as the amounts paid and the dates paid.

3. Original duly executed and acknowledged written authorizations permitting the undersigned to obtain copies of the complete files from each collateral source identified above.

## DEMAND FOR EMPLOYMENT RECORDS AND TAX RETURNS

1. Written authorizations permitting the undersigned to obtain the plaintiff's employment records for three (3) years prior to the date of the alleged accident herein and for each and every year since the alleged accident;

2. Written authorizations to obtain the plaintiffs wage statements for three (3) years prior to the date of the alleged accident herein and for each and every year since the alleged accident;

3. Written authorizations to obtain the plaintiffs income tax returns for three (3) years prior to the date of the alleged accident herein and for each and every year since the alleged accident;

4. Photocopy of each plaintiff's driver's license and other form of identification as required by IRS for processing of authorizations.

## DEMAND FOR MEDICAL REPORTS AND AUTHORIZATIONS

Pursuant to CPLR § 3121 et. seq., governing the exchange of medical information, you are required to forward to the undersigned attorneys for the defendant within twenty (20) days after service upon you of this demand, the following:

1. The names and addresses of all physicians, technicians, therapists, nurse, aid, hospitals and other health care providers/facilities of every description, who have consulted, examined or treated the plaintiff for each of the conditions allegedly caused, activated, aggravated, or exacerbated by the occurrence described in the complaint, including dates of treatment or examination.

2. Original duly executed and acknowledged written authorizations, providing names and addresses thereon, to permit the undersigned to obtain copies of all medical records, bills, x-rays, technicians' reports, autopsy or post-mortem reports, for each hospital, clinic, or other health care facility in which the injured plaintiff herein is or was treated, confined, or examined, due to the occurrence set forth in the complaint.

3. Original duly executed and acknowledged written authorizations permitting the undersigned to obtain copies of the complete office medical records, bills and reports, of any physician, technician, therapist, nurse or aid who has examined or treated plaintiff for the injuries alleged, including all diagnostic and x-ray films and reports.

4. Copies of all records and reports received from all health care providers/facilities identified above. These shall include a detailed recital of the injuries and conditions as to which testimony will be offered at trial, referring to those records, x-rays and technicians' reports which will be offered at the trial hereof.

**DEMAND FOR MEDICAL AUTHORIZATIONS FOR PRE-EXISTING INJURY**

1. Copies of all medical reports by physician's who treated, examined or saw the plaintiff for any condition, injury or infirmity which plaintiff claims was aggravated, activated or exacerbated by the accident or occurrence which is the subject of this lawsuit.

2. Original duly executed and acknowledged written authorizations permitting the undersigned to obtain copies of the complete office medical records, bills, reports and x-rays of any physician, technician, therapist, nurse or aid who has examined or treated plaintiff for any condition, injury or infirmity which plaintiff claims was aggravated, activated or exacerbated by the accident or occurrence which is the subject of this lawsuit.

3. Original duly executed and acknowledged written authorizations, providing names and addresses thereon, to permit the undersigned to obtain copies of all medical records, bills, x-rays, technicians' reports, autopsy or post-mortem reports, for each hospital, clinic, or other health care facility in which the injured plaintiff herein is or was treated, confined, or examined, for any condition, injury or infirmity which plaintiff claims was aggravated, activated or exacerbated by the accident or occurrence which is the subject of this lawsuit.

4. Copies of all records and reports received from all health care providers/facilities identified above for any condition, injury or infirmity which plaintiff claims was aggravated, activated or exacerbated by the accident or occurrence which is the subject of this lawsuit.

**DEMAND FOR APPEARANCES**

Demand is hereby made that you serve upon the undersigned attorneys a list of all names and addresses of all parties that have appeared in this action, together with the names and addresses of their

respective attorneys as provided for by CPLR § 2103(e).

PLEASE TAKE NOTICE, that the foregoing are continuing demands; and if any of the above items are obtained or discovered after the date of this demand, they are to be immediately furnished to the undersigned pursuant to these demands.

PLEASE TAKE FURTHER NOTICE, that if these demands are not complied with, an application will be made for the imposition of appropriate sanctions and to compel compliance with this notice.

Dated: Elmsford, NY
November 20, 2007

Yours, etc
LAW OFFICES OF DONALD L. FRUM

By: ______________________
H. Malcolm Stewart, Esq.
*Attorneys for Defendant*
THE TOWN OF WARWICK
565 Taxter Road - Suite 150
Elmsford, NY
914-347-5522

To:
CLIFFORD G. KLEINBAUM, ESQ.
*Attorney for the Plaintiff*
11 Martine Avenue, 12th floor
White Plains, New York 10606
(914) 644-2000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
FREDERICK E. LANDRIGAN,

*Plaintiff,*

*-against-*

LEO R. KAYTES, JR., LEO KAYTES FORD, INC.,
P.O. RON DONNATIN and THE TOWN OF WARWICK,

*Defendants.*
--------------------------------------------------------------------------X

Civil Action No.: 07- CIV 8669

**NOTICE FOR EXAMINATION BEFORE TRIAL**

SIRS:

PLEASE TAKE NOTICE, that pursuant to 3107 of the CPLR, the undersigned attorneys for the defendant, THE TOWN OF WARWICK, will take the deposition of the following parties or persons, before a Notary Public not affiliated with any of the parties or their attorneys, on all relevant and material issues raised by the pleadings in the above entitled actions, as authorized by Article 31 of the CPLR:

PERSON TO BE EXAMINED : **ALL PARTIES**

DATE : Tuesday, January 8, 2008

TIME : 10:00 AM.

PLACE : The Law Office of Donald L. Frum, 565 Taxter Road, Suite 150, Elmsford, New York 10523.

PLEASE TAKE FURTHER NOTICE, that the persons to be examined are required to produce all books, records and papers in their custody and possession that may be relevant to the issues herein.

Dated: Elmsford, NY
November 20, 2007

Dated: Elmsford, NY
November 20, 2007

Yours, etc
LAW OFFICES OF DONALD L. FRUM

By: ______________________
H. Malcolm Stewart, Esq.
*Attorneys for Defendant*
THE TOWN OF WARWICK
565 Taxter Road - Suite 150
Elmsford, NY
914-347-5522

To:
CLIFFORD G. KLEINBAUM, ESQ.
*Attorney for the Plaintiff*
11 Martine Avenue, 12th floor
White Plains, New York 10606
(914) 644-2000

**ATTORNEY'S VERIFICATION**

H. Malcolm Stewart, Esq.., an attorney duly admitted to practice in the courts of New York State, hereby affirms under penalty of perjury and pursuant to CPLR § 2106 as follows:

Affirmant is associated with the LAW OFFICES OF DONALD L. FRUM, the attorneys of record for the defendant, THE TOWN OF WARWICK, in the within action and as such is fully familiar with the facts and circumstances heretofore had herein by virtue of the file maintained by this office.

Affirmant has read the foregoing **VERIFIED ANSWER** and the same is true to affirmant's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters affirmant believes them to be true.

This verification is made by an attorney because the defendant, THE TOWN OF WARWICK, is not in the same County where your affirmant's office is located.

Dated: Elmsford, NY
November 20, 2007

H. Malcolm Stewart, Esq.

**ATTORNEY'S VERIFICATION**

H. Malcolm Stewart, Esq., an attorney duly admitted to practice in the courts of New York State, hereby affirms under penalty of perjury and pursuant to CPLR § 2106 as follows:

Affirmant is associated with the LAW OFFICES OF DONALD L. FRUM, the attorneys of record for the defendant, THE TOWN OF WARWICK, in the within action and as such is fully familiar with the facts and circumstances heretofore had herein by virtue of the file maintained by this office.

Affirmant has read the foregoing **VERIFIED ANSWER** and the same is true to affirmant's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters affirmant believes them to be true.

This verification is made by an attorney because the defendant, THE TOWN OF WARWICK, is not in the same County where your affirmant's office is located.

Dated: Elmsford, NY
November 20, 2007

H. Malcolm Stewart, Esq.