UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FREDERICK E. LANDRIGAN,

                            Plaintiff,

  -against-

LEO R. KAYTES, JR., LEO KAYTES FORD,
INC., P.O. RON DONNATIN and THE TOWN OF
WARWICK,

                            Defendants.
------------------------------------------------------------x

**AMENDED**
**COMPLAINT**

07 CIV. 8669(WCC)(MDF)

## PRELMINARY STATEMENT

This civil rights lawsuit challenges the seizure of the plaintiff, an individual without any criminal history, his imprisonment and malicious prosecution, by and in conspiracy between and among the defendants in violation of his civil rights, and to coerce and extort money from him. This course of events was orchestrated by the defendant, Leo R. Kaytes, Jr., acting individually and on behalf of Leo Kaytes Ford, Inc.

The false imprisonment and malicious prosecution of the plaintiff violated the Fourth and Fourteenth Amendments to the United States Constitution because there was no probable cause to believe that the plaintiff had committed any crime. The false imprisonment and malicious prosecution of the plaintiff violated the substantive component of the Due Process Clause, because defendants were aware that no crime had been committed, and in fact, were advised by the Orange County District Attorney's office that the matter was a civil dispute. That office warned Police Officer Ron Donnatin of the Town of Warwick Police Department that he should not detain, arrest or

charge plaintiff, or otherwise abuse police powers or take any action to coerce a resolution of the civil dispute in the Kaytes Defendants' favor.

## PARTIES

1. Plaintiff, Frederick E. Landrigan, is a resident of Warwick, New York.

2. Defendant, Leo Kaytes, Jr., is a resident of Warwick, New York, with a business address of Leo Kaytes Ford, Inc., Route 94, Warwick, New York.

3. Defendant, Leo Kaytes Ford, Inc., upon information and belief, is a New York Corporation, with a place of business on Route 94, Warwick, New York.

4. Defendant, Town of Warwick, is a New York Municipal Corporation.

5. Defendant, Police Officer Ron Donnatin, is a police officer for the Town of Warwick.

## JURISDICTION AND VENUE

6. The following provisions confer jurisdiction on this court: (i) 28 U.S.C. § 1331, which authorizes jurisdiction in the district courts of civil actions arising under the Constitution, laws, and treaties of the United States, (ii) 28 U.S.C. § 1343(a)(3), which authorizes jurisdiction in the district courts of actions arising under 42 U.S.C. § 1983.

7. Venue in this district court is proper pursuant to 28 U.S.C. § 1391 (b), in that the plaintiff's causes of action arose in Orange County, which is within the Southern District of New York.

## FACTS

8. On or before February 26, 2007, a civil dispute arose between the defendants, Leo Kaytes, Jr. and Leo Kaytes Ford, Inc. (the "Kaytes Defendants"), concerning the performance of repair services on plaintiff's car.

9. The dispute arose out of the need to replace the engine in plaintiff's car as a result of the Kaytes Defendants' earlier repair of the transmission. Shortly after the delivery of the car to plaintiff with a replacement transmission, the car was returned to the Kaytes Defendants because the car was not properly running.

10. Plaintiff was informed that the timing chains on the car's engine had "jumped" and that the engine needed to be replaced. A dispute arose between the Kaytes Defendants and plaintiff as to whether the timing chain was caused to jump, inter alia, by the improper removal and re-installation of the transmission and the failure of Leo Kaytes Ford, Inc. to heed recalls involving the timing chain.

11. As a result of the dispute, plaintiff and the Kaytes Defendants agreed to a discounted price on the full replacement of the engine, which repair was scheduled to be commenced February 18, 2007. On or about February 26, 2007, plaintiff picked up the car and delivered a check to Leo Kaytes Ford, Inc., in payment for the repair services. He was informed and believed at that time that the repair had been properly completed with new or factory remanufactured parts.

12. The car stalled several times before plaintiff got home. He was barely able to get it back to the Kaytes Defendants' place of business to see if they could determine the nature of the problem. Upon inspection, rather than replacing parts of the

engine, it became apparent that the Kaytes Defendants had used old parts from the replaced engine and/or had used other used parts and had failed to perform all necessary pre-operation inspections on the car.

13. The car was again left with the Kaytes Defendants for repair, although plaintiff informed them that from the outset of the transmission repair, the repair services were not workmanlike and were performed contrary to their agreement. Upon information and belief, the engine was damaged in connection with the attempted transmission repair. The Kaytes' Defendants service department had ignored recall notices involving the timing chain. The Kaytes' Defendants service department failed to replace all engine parts with new or factory remanufactured parts. The Kaytes' Defendants service department's use of old components of the replaced engine was unauthorized and improper. The Kaytes Defendants were placed on notice and were aware of a good faith dispute due to the failure of the car to run properly after repeated attempts at repair by Leo Kaytes Ford, Inc. and the Kaytes Defendants were made aware of plaintiff's position that these facts required a re-negotiation of the of the total repair costs to his car. To this day, the transmission and engine in plaintiff's car do not work properly due to the improper and repeatedly ineffective attempts to repair the plaintiff's car by the Kaytes Defendants.

14. When plaintiff returned the car to the Kaytes Defendants on February 21, 2007, he informed them that he was stopping payment on the check he had given them earlier for the repair, because the Kaytes Defendants had once again not properly repaired the car. The Kaytes Defendants were well aware that they were not entitled to payment

for the repairs until the repairs had been made properly. The plaintiff told the Kaytes Defendants that they should not attempt to deposit the plaintiff's check.

15. Although plaintiff picked up the car subsequent to at least the third attempt at repair on the car by Leo Katyes Ford, Inc., the car was never properly repaired or in good running order.

16. Plaintiff, in discussions with defendant, Leo R. Kaytes, Jr., in February and March 2007, attempted to resolve the dispute amicably, but was repeatedly informed by Leo Kaytes, Jr. that he would not negotiate with plaintiff, because the Kaytes Defendants had "friends in the police department," that plaintiff "didn't know who he was dealing with," and that all he, Leo Kaytes, Jr., had to do was "call one of [his] police buddies" and plaintiff would be "arrested for a bad check."

17. Subsequent to this threat by Leo Kaytes, Jr. to use the police department of the Town of Warwick as a private enforcer of the Kaytes Defendants' civil dispute with the plaintiff, the Kaytes Defendants contacted Police Officer Ron Donnatin, informing him of some of the particulars of the dispute, sufficient to put Police Officer Donnatin on notice of the civil nature of the dispute, between the plaintiff and the Kaytes Defendants and/or the Kaytes Defendants provided inadequate information to Police Officer Donnatin to suggest to that Police Officer Donnatin that a crime had been committed by the plaintiff regarding his dispute with the Kaytes Defendants.

18. Thereupon, between late March and up until April 20, 2007, the Kaytes Defendants solicited Donnatin, and Donnatin conspired and agreed with the Kaytes Defendants to abuse the law enforcement and criminal procedures that Police Officer

Donnatin is sworn to faithfully execute by threatening plaintiff with wrongful arrest, prosecution of criminal charges and public humiliation, unless the plaintiff abandoned his civil dispute with the Kaytes Defendants and to extort and coerce from plaintiff payment on the repair bill of the Kaytes Defendants.

19. In or about late March or early April 2007, Police Officer Donnatin contacted the plaintiff and informed him that he (Donnatin) would file charges against plaintiff, if plaintiff did not immediately pay the Leo Kaytes Ford, Inc. in full for the services claimed.

20. Plaintiff provided the information set forth in paragraphs 8 through 19 of this complaint to Police Officer Donnatin. The plaintiff also offered to provide to Police Officer Donnatin all documents and other information with respect to his "investigation" of this civil dispute, but Police Officer Donnatin did not accept the plaintiff's offer. Instead, Police Officer Donnatin failed and refused to conduct any meaningful investigation of the actual facts in this good faith dispute and repeatedly threatened plaintiff with arrest, prosecution of criminal charges and public humiliation.

21. Police Officer Donnatin was specifically and definitively informed that the plaintiff's check in payment for the engine replacement was good when delivered, that plaintiff had obtained and paid in full for services rendered by the Kaytes Defendants in the past, including the transmission replacement, and that a stop payment was placed on the check only after the car had to be returned to the Kaytes Defendants on February 21, 2007, due to unworkmanlike and failed attempts at repair on the car, i.e., the services

claimed had not been properly performed and/or were not performed in accordance with their service agreement.

22. Police Officer Donnatin merely repeated in response to each relevant fact relayed to him by plaintiff, that plaintiff needed to pay the Kaytes Defendants in full to avoid charges being filed against him, in order to avoid plaintiff's arrest and public embarrassment.

23. Plaintiff, after one of the initial calls to him from Police Officer Donnatin in late March or early April 2007, contacted the Orange County District Attorney's office to inform it of the threat from Police Officer Donnatin concerning the civil dispute between him and the Kaytes Defendants.

24. After listening to plaintiff and specifically considering all of the information offered by plaintiff, the Assistant District Attorney stated that he was unaware of any charges having been presented for review to the District Attorney's office, and that it sounded to him as if the dispute was one for the civil courts, i.e., that it was merely a civil dispute.

25. Upon information and belief, Police Officer Donnatin later, but before plaintiff's arrest, communicated with Assistant District Attorney, Jamie Ferrara, Esq., who specifically informed Police Officer Donnatin that after a review of the facts, that there were insufficient grounds to charge plaintiff with a crime, or to arrest him or to prosecute him in connection with his good faith civil dispute with the Kaytes Defendants.

26. Upon information and belief, Police Officer Donnatin, ignoring the directives from Assistant District Attorney Ferrara, contacted plaintiff on Friday, April

20, 2007 and asked him to appear in the Warwick Town Police Department on Saturday, April 21, 2007. Police Officer Donnatin knew, or should have known, that the staff of the District Attorney's office assigned to handle cases in the Town of Warwick would be unavailable on Saturday, April 21, 2007, to evaluate and review the proposed charge against plaintiff. Upon information and belief, Police Officer Donnatin specifically scheduled plaintiff's appearance at the Warwick Town Police Department on Saturday, April 21, 2007 to avoid such evaluation and review by the District Attorney's office because Police Officer Donnatin had already been informed by Assistant District Attorney Ferrara that he did not believe there was sufficient evidence to prosecute any crime against plaintiff.

27. Upon his arrival at the police department on Saturday, April 21, 2007, plaintiff was restrained and confined against his will by being cuffed to a bench in the public hallway of the Warwick Town Hall by Police Officer Donnatin. Plaintiff was subsequently charged with felony larceny in the third degree, based upon a complaint sworn to April 19, 2007. Police Officer Donnatin's investigation had or should have uncovered substantially the same evidence on which the Orange County District Attorney's office, on its' own motion, subsequently moved to dismiss all charges. The Orange County District Attorney obtained that evidence and formed the conclusion that there was a good faith civil dispute, i.e., no criminal intent could be shown, largely by being willing to consider documents and other information offered by the plaintiff. The same documents and information had been previously offered by plaintiff to Police Officer Donnatin, but he refused to receive it and/or ignored it.

28. At the time of his arrest, on Saturday, April 21, 2007, plaintiff again offered documentary and other evidence to assist Police Officer Donnatin in his own investigation and evaluation of the matter. Police Officer Donnatin informed plaintiff that the only way to avoid arrest, charges being prosecuted and the public humiliation of "hitting the Police Blotter" in the local newspaper, was to pay the Kaytes Defendants in full. Despite the legitimate bases presented by plaintiff to dispute the Kaytes Defendants' claim for services rendered, and in furtherance of the conspiracy and agreement between and among the defendants, Police Officer Donnatin proceeded with the filing of the bogus and false charges against plaintiff resulting in the plaintiff's arrest and the public humiliation of having his name in the Police Blotter and his arrest reported in the newspapers.

29. Plaintiff warned Police Officer Donnatin not to compound his malicious conduct by forwarding the arrest particulars to the media, but nonetheless, and in fulfillment of the defendants' common conspiracy and agreement to humiliate plaintiff, Police Officer Donnatin forwarded information concerning plaintiff's false and improper arrest to the media for general publication, which media thereafter published and disseminated same as if there were legitimate bases to believe plaintiff had committed a felony.

30. The information published by and at the direction of Police Officer Donnatin, and the other defendants, set forth the nature of the crime committed by plaintiff as "felony theft of services." Significantly, and to avoid the adverse publicity to

the Kaytes Defendants' business, the arrest was identified merely as relating to "an incident on Route 94, Warwick, New York."

31. At the time of said publication, Police Officer Donnatin and the defendants each knew that no such crime had been committed and made the publication of the alleged crime against plaintiff for purely malicious purposes. Plaintiff was, and is, a member of the community in good standing and had a good reputation prior to the incidents alleged herein.

32. Upon review of the charges by the Orange County District Attorney's Office, a motion was affirmatively made by that office to dismiss all charges against plaintiff as there was not sufficient information to believe a crime had been committed.

33. On September 28, 2007, an Order dismissing the frivolous and false charges against the plaintiff was entered by The Honorable Peter D. Barlet, Town Justice, Town of Warwick.

## FIRST CAUSE OF ACTION

34. The plaintiff re-alleges paragraphs 1 through 33.

35. By authorizing, directing and taking steps to facilitate the arrest, defendants engaged in a conspiracy to violate the civil rights of plaintiff in violation of 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION

36. The plaintiff re-alleges paragraphs 1 through 35.

37. By authorizing, directing and taking steps to facilitate the imprisonment of plaintiff, defendants violated the substantive rights of the plaintiff under the Due Process

Clause of the Fourteenth Amendment to the United States Constitution and further violated 42 U.S.C. § 1983.

### THIRD CAUSE OF ACTION

38. The plaintiff re-alleges paragraphs 1 through 37.

39. By authorizing, directing and taking steps to facilitate the prosecution of plaintiff, defendants violated the substantive rights of the plaintiff under the Due Process Clause of the Fourteenth Amendment to the United State Constitution and further violated 42 U.S.C. § 1983.

### PENDENT STATE CLAIMS

### FOURTH CAUSE OF ACTION

40. The plaintiff re-alleges paragraphs 1 through 39.

41. By authorizing, directing and taking steps to facilitate the wrongful imprisonment of plaintiff on the bases of false and misleading information and/or pursuant to an agreement to coerce and extort money out of plaintiff, the Kaytes Defendants falsely imprisoned plaintiff.

### FIFTH CAUSE OF ACTION

42. The plaintiff re-alleges paragraphs 1 through 41.

43. By authorizing, directing and taking steps to facilitate the wrongful prosecution of plaintiff on the bases of false and misleading information and/or pursuant to an agreement to coerce and extort money out of plaintiff, the Kaytes Defendants maliciously prosecuted plaintiff.

## SIXTH CAUSE OF ACTION

44. The plaintiff re-alleges paragraphs 1 through 43.

45. By authorizing, directing and taking steps to facilitate the abusive filing of charges against plaintiff on the bases of false and misleading information and/or pursuant to an agreement to coerce and extort money out of plaintiff, the Kaytes Defendants are guilty of abuse of process.

## SEVENTH CAUSE OF ACTION

46. The plaintiff re-alleges paragraphs 1 through 45.

47. By authorizing, directing and taking steps to facilitate the publication of information concerning plaintiff's arrest on the bases of false and misleading information and/or pursuant to an agreement to coerce and extort money out of plaintiff, the Kaytes Defendants maliciously libeled and slandered plaintiff.

## EIGHTH CAUSE OF ACTION

48. The plaintiff re-alleges paragraphs 1 through 47.

49. The Kaytes Defendants breached their service agreement with plaintiff, causing damages to the plaintiff in the sum of approximately Five-Thousand Dollars ($5,000.00).

**WHEREFORE:** plaintiff demands (a) judgment against all defendants, jointly and severally, in the amount of his actual compensatory damages plus exemplary damages as the jury may find just and proper, but in at least the sum of One-Million Dollars ($1,000,000.00), attorney's fees, pursuant to 42 U.S.C. § 1988 and 29 U.S.C. § 749 a (b), (b) a declaratory judgment that plaintiff's arrest, confinement and the charges

against him were false and improper, (c) a mandatory injunction that the defendants are required to expunge any and all records of plaintiff's arrest and the charges sworn to by Police Officer Donnatin, as well as any remedial or corrective action as may serve to restore plaintiff's good reputation, (d) a judgment awarding him all his costs, disbursements and expenses associated with this action, and (e) plaintiff requests such other and further relief as this Court finds just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues.

Dated: White Plains, New York
       November 2, 2007

                                        _____
                                        CLIFFORD G. KLEINBAUM
                                        *Attorney for Plaintiff*
                                        11 Martine Avenue, 12th Floor
                                        White Plains, New York 10606
                                        (914) 644-2000

{00047674.DOC.}                              13