UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

FREDERICK E. LANDRIGAN

                    Plaintiff,

         -against-

LEO R. KAYTES, JR., LEO KAYTES FORD, INC.,
P.O. RON DONNATIN and THE TOWN OF WARWICK,

                    Defendants.

-----------------------------------------------------------------------X

Index #: 07CIV8669
(WCC)(MDF)

**RESPONSE TO NOTICE
TO ADMIT**

Defendant, P.O. RON DONNATIN, by his attorneys, **HODGES, WALSH &**

**SLATER, LLP,** as and for a Response to Plaintiffs' Notice to Admit allege upon

information and belief as follows:

    1.     This answering defendant denies knowledge or information sufficient to

form a belief as to whether plaintiff had repair services to his car done by Leo Kaytes

Ford, Inc. prior to January 1, 2007 all of which plaintiff paid for in full.

    2.     This answering defendant denies knowledge or information sufficient to

form a belief as to whether diagnostic services were performed by Leo Kaytes Ford, Inc.

on plaintiff's Ford Explorer in the fall of 2006.

    3.     This answering defendant denies knowledge or information sufficient to

form a belief as to the contents of the item which requests defendants admit that Leo

Kaytes Ford, Inc. performed repairs and/or services on the transmission to plaintiff's

Ford Explorer prior to the replacement of the engine.

    4.     This answering defendant denies knowledge or information sufficient to

form a belief as to the contents of whether a dispute arose between Leo Kaytes Ford,

Inc. and plaintiff concerning the thoroughness of the original diagnostic services and the failure to find a mechanical problem with the timing chain.

5.      This answering defendant denies knowledge or information sufficient to form a belief as to whether Leo Kaytes Ford, Inc. initially replaced a timing chain and then proposed to replace the engine at its cost with newer factory re-manufactured parts in order to resolve the dispute.

6.      This answering defendant denies knowledge or information sufficient to form a belief as to whether on February 26, 2007 Leo Kaytes Ford, Inc. delivered the Ford Explorer to plaintiff, representing that the engine replacement had been performed with newer factory re-manufactured parts.

7.      This answering defendant denies knowledge or information sufficient to form a belief as to whether after delivery of the Ford Explorer to plaintiff on February 26, 2007, plaintiff returned the Ford Explorer to Leo Kaytes Ford, Inc. because the engine had stalled.

8.      This answering defendant denies knowledge or information sufficient to form a belief as to whether when plaintiff returned the Ford Explorer to Leo Kaytes Ford, Inc. on February 26, 2007 plaintiff told Leo Kaytes, Jr. that certain parts had not been replaced with new or factory re-manufactured parts.

9.      This answering defendant denies knowledge or information sufficient to form a belief as to whether in that conversation with Leo Kaytes, Jr. plaintiff told Leo Kaytes, Jr. that plaintiff was stopping payment on his check dated February 26, 2007.

10.      This answering defendant denies knowledge or information sufficient to form a belief as to whether plaintiff's bank account was debited for the stop payment order on February 27, 2007.

11.     This answering defendant objects to plaintiff's request to admit Paragraph "14" in that this defendant denies such requests and objects to the item which calls for a legal conclusion.

12.     This answering defendant objects to plaintiff's request to admit Paragraph "14" in that this defendant denies such requests and objects to the item which calls for a legal conclusion.

13.     This answering defendant objects to plaintiff's request to admit Paragraph "14" in that this defendant denies such requests and objects to the item which calls for a legal conclusion on the part of this answering defendant.

14.     This answering defendant objects to plaintiff's request to admit Paragraph "14" in that this defendant denies such requests and objects to the item and is calling for a legal conclusion on the part of this answering defendant.

15.     This answering defendant denies knowledge or information sufficient to form a belief as to whether Leo Kaytes Ford, Inc. decided not to negotiate or otherwise resolve the dispute with monetary adjustment sought by plaintiff, did Leo Kaytes Ford, Inc. deposit plaintiff's check.

16.     This answering defendant denies knowledge or information sufficient to form a belief as to whether plaintiff issued a no stop payment or other instruction to his bank on March 12, 2007.

17.     This answering defendant denies plaintiff's request to admit that prior to April 19, 2007 plaintiff told Police Officer Donnatin that plaintiff disputed the amount owed to Leo Kaytes Ford, Inc.

18.    This answering defendant denies that prior to April 19, 2007 plaintiff told Officer Donnatin that Leo Kaytes Ford, Inc. had not responded to plaintiff's attempts to communicate with it.

19.    This answering defendant denies knowledge or information or a recollection sufficient to form a belief as to the request that plaintiff never informed Police Officer Donnatin that plaintiff was represented by an attorney in connection with the investigation being conducted by Police Officer Donnatin.

20.    This answering defendant denies asking plaintiff if he was represented by an attorney concerning the investigation of plaintiff.

21.    This defendant admits that plaintiff never refused to answer any questions posed by Police Officer Donnatin.

22.    Upon information and belief Police Officer Donnatin never requested plaintiff provide banking records.

23.    This answering defendant admits Police Officer Donnatin never asked plaintiff for any banking records.

24.    This answering defendant admits that Police Officer Donnatin communicated with certain parties to this action on Town of Warwick Police Department phone communication systems which are in certain cases recorded though denies that Officer Donnatin "made audio recordings" of his phone communications with plaintiff.

25.    This answering defendant admits that Officer Donnatin made certain telephone calls from the Town of Warwick Police Department which telephone lines are necessarily recorded and denies that he was "making an audio recording of his phone communications with plaintiff." Police Officer Donnatin does not recall whether he informed plaintiff that he was speaking to plaintiff on a recorded line.

26.    Upon information and belief all audio recordings of conversations at the Town of Warwick Police Department would necessarily be "maintained" by the Town Police Department within the Town of Warwick.  As such, this defendant lacks sufficient knowledge to either admit or deny these allegations as of this point in time.

27.    This answering defendant denies plaintiff's request to admit #27.

28.    This answering defendant denies plaintiff's request to admit #28.

29.    Defendant Donnatin denies he was "making" an audio recording of his phone communication with Jamie Ferrara, and as above indicated, confirms that most, if not all, of the telephone lines at the Town of Warwick Police Department are tape recorded.

30.    This answering defendant objects to said demand as it is necessarily directed toward another party.  Notwithstanding and without waiving said objection defendant Donnatin denies that Leo Kaytes Ford, Inc. informed Police Officer Donnatin that it wanted plaintiff charged.

31.    The undersigned hereby objects to this demand as it is directed toward another party.  Notwithstanding and without waiving said objection, defendant Donnatin denies that prior to April 19, 2007 Leo Kaytes, Jr. informed Police Officer Donnatin that he wanted plaintiff charged.

32.    This defendant denies plaintiff's request to admit #32 that Police Officer Donnatin was told on April 19, 2007 by Assistant District Attorney Jamie Ferrara that he was not recommending any charge and could not tell the officer whether to file any charge.

33.    The undersigned hereby objects to this request as improper for a request to admit.  Notwithstanding and without waiving said objection, defendant Donnatin

denies telling plaintiff that he could avoid charges being filed only if he paid the full

amount claimed by Leo Kaytes Ford, Inc.

DATED:     White Plains, New York
           May 13, 2008

                                          Yours, etc.,

                                          HODGES, WALSH & SLATER, LLP

                                          By:_____
                                             Harold L. Moroknek
                                             Attorneys for Defendants
                                             P.O. Ron Donnatin
                                             55 Church Street, Suite 211
                                             White Plains, N.Y.  10601
                                             (914) 385-6000

TO:     Law Offices of Clifford G. Kleinbaum
        Attorneys for Plaintiff
        11 Martine Avenue, 12th Floor
        White Plains, NY  10606

        Law Offices of Donald Frum
        Attorneys for Defendant
        Town of Warwick
        565 Taxter Road – Suite 150
        Elmsford, NY  10523

        Gallagher, Walker, Bianco & Plastaras, Esqs.
        Attorney for Defendants
        Kaytes
        98 Willis Avenue
        Mineola, NY  11501