OFFICE OF THE
# ORANGE COUNTY DISTRICT ATTORNEY

LOCAL CRIMINAL COURT UNIT AND APPEALS UNIT
18 SEWARD AVENUE, MIDDLETOWN, NEW YORK 10940
TEL: 845-615-3640 • FAX: 845-346-1189
www.orangecountygov.com



FRANCIS D. PHILLIPS II
*District Attorney*

**ORIGINAL**

RICHARD E. RUGGERI
*Chief Assistant District Attorney*

April 30, 2008

Hon. William C. Conner
United States District Court
300 Quarropas Street
White Plains, New York 10601



Re: <u>Landrigan v Kaytes et al</u>
  07 Cv 08669 (WCC)

Your Honor,

On April 23, 2008, the Orange County District Attorney's Office was served with a subpoena duces tecum relative to the above captioned matter. The subpoena seeks both the testimony from an Assistant District Attorney at a deposition and the production of certain documents relating to conversations between the subpoena assistant and a police officer. For the reasons that are more fully set forth below, the People object to the subpoena and respectfully ask the Court to treat this letter as a motion to quash same.

First, service in this case was defective. Although the People agreed to accept service by mail, the attached subpoena duces tecum was served on the District Attorney's Office without a witness fee, and there is no indication that the defendant made a prior showing of indigency.

Second, to the extent that counsel seeks production of certain documents, the entire District Attorney's file is sealed by operation of state law pursuant to CPL 160.50, owing to the fact that the underlying criminal charge was dismissed upon a People's application. Under state law, the language contained in CPL 160.50 is mandatory in nature, and once there is a sealing order in place, sealed records may be released only in certain, narrowly defined circumstances that are authorized by statute (<u>see</u> Matter of Jospeh M., 82 NY2d 128, 132-133; <u>see also</u> CPL 160.50[1][d]). Nevertheless, there is no general authority authorizing the release of such sealed filed and records (<u>see</u> Matter of Joseph M., <u>supra</u>), and in particular, civil lawsuits brought in federal court are not one of the specifically enumerated exceptions.

While authority supports the notion that federal rather than state law governs discovery and confidentiality in federal civil rights actions, as a matter of comity, the defendant should first make his application to the appropriate state court (<u>see</u> Ruther v Boyle, 879 F Supp 247, 250 [EDNY, 1995]; Lehman v Kornblau, 206 FDR 345, 349 [EDNY 2001]). Pivotally, defendant has made no showing in that regard. To be sure, while the parties who commenced this suit effectively waived their privilege,

nevertheless, it remains appropriate to afford the state court the opportunity to rule on such an application in the first instance.

Third, on its face, the subpoena is overly broad. As drafted, the scope of the subpoenaed documents amounts to a fishing expedition of virtually the entire District Attorney's file. It does not identify or specify the nature of the conversations in question or identify any relevant dates of such unidentified conversations.

Finally, the scope of the subpoena duces tecum, together with the proposed deposition would violate the "deliberative privilege" that is available to a governmental agency to protect discussions and recommendations made prior to an agency decision (see Hopkins v United States Dep't of Housing and Urban Dev., 929 F2d 81, 84 [2d Cir. 1991]; Thompson v Lynbrook Police Department, 172 FDR 23, 25-26 [EDNY 1997]). While the privilege is not absolute, documents related to the didscussions held at the outset of an investigation and made in relation to any decisions to file criminal charges, to the extent that such documents even exist, constitute part of the deliberative process and surely fall within the scope of the privilege (see Thompson v Lynbrook, supra; NLRB v Sears, Roebuck & Co., 421 US 132, 150; Hopkins v United States Dep't of Houseing & Urban Dev., supra 929 F2d at 84). Under state law, it is the function of the District Attorney to decide whether, and in what manner, to prosecute a suspect (see Baez v Hennessy, Jr., 853 F2d 73, 77 [2d Cir. 1988], cert denied, Baez v County of Onodaga, 488 US 1014 [1989]). At the same time, the public interest favors insuring the confidentiality of the District Attorney's files, and particularly, whereas here, it relates to a civil action in which the District Attorney is not a party. Simply put, disclosure of documents that comprise part of the deliberative process in civil cases would impede the District Attorney's office's ability to effectively investigate and prosecute criminal matters by effectively eliminating all pre-arrest communications between the members of the District Attorney's Office and the investigating agencies.

For all of these reasons, the People respectfully request that their motion to quash be granted in its entirety. Furthermore, in light of these objections, the People also object to having to produce the sought after documents at the designated site of the deposition as opposed to the Court. To the extent that the Court does not grant the People's motion to quash outright, the People respectfully request the opportunity to be more fully heard in open court.

Very truly yours,

FRANCIS D. PHILLIPS, II
DISTRICT ATTORNEY

ANDRW R. KASS
Senior Assistant District Attorney

cc: John J. Walsh, II, Esq.
    Clifford George Leinbaum, Esq.
    Robert Joseph Walker, Esq.
    Brian S. sokoloff, Esq.