

# HODGES WALSH & SLATER, LLP
ATTORNEYS AT LAW
55 CHURCH STREET, SUITE 211
WHITE PLAINS, NEW YORK 10601

(914) 385-6000
FAX (914) 385-6060
www.hwslaw.com

Harold L. Moroknek, Esq.
Direct E-Mail: hmoroknek@hwslaw.com

May 28, 2008

Hon. William C. Conner
United States District Court
300 Quarropas Street
White Plains, New York 10601
**VIA FACSIMILE: 914-390-4170**

    Re: Landrigan v. Kaytes et al.
      07 CV 08669 (WCC)

Your Honor:

  Defendant Police Officer Ronald Donnatin previously served a subpoena on Jamie Ferrara, an Assistant District Attorney from the Orange County District Attorney's Office, in an effort to obtain Mr. Ferrara's appearance in order to obtain the deposition testimony of the prosecutor and to produce documents and materials in the care and custody of the prosecutor's office.

  Your Honor will please recall that this litigation involves allegations by the plaintiff that he was wrongfully arrested by Officer Donnatin. Defendant Donnatin respectfully requests this Court treat this letter as a reply in opposition to the People's motion to quash the subpoena.

  In federal civil rights actions, such as the instant case, there are vital federal interests in broad discovery and truth-seeking. As such, federal courts have established balancing tests that weigh the interests favoring disclosure against those interests favoring confidentiality under the privilege(s) asserted. See *Burka v. New York Transit Authority*, 110 F.R.D. 660 (S.D.N.Y 1986). Furthermore, federal courts have held that state sealing statutes, such as CPR § 160.50, do not govern in federal civil rights actions. See *Haus v. City of New York*, 2006 WL 3375395 (S.D.N.Y.).

  Here, ADA Jamie Ferrara was subpoenaed to appear for a deposition and asked to produce documents relating to conversations between Mr. Ferrara and Officer Donnatin with respect to this matter, which was brought as a result of a claim that plaintiff was wrongfully arrested and prosecuted. As we understand it, prior to the arrest, Officer Donnatin contacted ADA Ferrara to discuss the underlying criminal case and the allegations involving Mr.

Landrigan. It is the conversations that occurred before the arrest of Mr. Landrigan between Officer Donnatin and ADA Ferrara about which defendant's wish to inquire.

The People rely on *Ruther v. Boyle*, an Eastern District case, to persuade this Court to grant their motion to quash the subpoena. The People would have this Court believe that the documents contained in their file should be protected as if they were documents used in grand jury proceedings. However, the *Ruther* case distinguishes between disclosure of District Attorney documents that are used in the grand jury and those documents that are not used in the grand jury. See *Ruther v. Boyle*, 879 F.Supp. 247 (E.D.N.Y. 1995). The Court in *Ruther* directed disclosure of documents and materials in the possession of the District Attorney's office that were not used in the grand jury proceedings. *Id.*

In this case, the People did not make a presentation to the grand jury. Instead, the People made an application to dismiss the criminal action against the plaintiff, as a result of their internal investigation. Ironically, in their application, the prosecutor who made the motion stated in his papers that "the People cannot prove beyond a reasonable doubt that [Mr. Landrigan] acted with the requisite criminal intent."

The People also assert the "deliberative process privilege," which is a qualified privilege that "must be balanced against a litigant's substantial need for the information in issue." See *Natural Resources Defense Council, Inc. v. Fox*, 1998 WL 158671 (S.D.N.Y.). There are two requirements for invocation of the deliberative process privilege: the document asserted to be privileged must be both "predecisional" and "deliberative." See *National Congress for Puerto Rican Rights v. City of New York*, 194 F.R.D. 88 (S.D.N.Y. 2000).

Here, Defendant Donnatin is requesting testimony and documents related to conversations ADA Jamie Ferrara had with Officer Donnatin prior to the arrest of the plaintiff. These documents are not protected by the "deliberative process privilege," as they do not relate to the People's internal decision of whether or not to prosecute. The testimony here is requested to establish and confirm the substance of the conversations between Officer Donnatin and ADA Ferrara that were held prior to arrest about the purported charges to be filed.

In the event that this Court grants in part the People's motion to quash, Defendant Donnatin requests this Court to inspect in-camera the documents that the People claim are privileged.

For all of the foregoing reasons, the Defendant Donnatin requests that the People's motion to quash be denied.

Very Truly Yours,

Harold L. Moroknek (2158)
Attorneys for Defendant Donnatin
Hodges, Walsh & Slater, LLP
55 Church Street, Suite 211
White Plains, NY 10603
Tel: 914-385-6000
Fax: 914-385-6060

CC:  FRANCIS D. PHILLIPS, II, ESQ. (via fax – 845-346-1189)
   CLIFFORD G. KLEINBAUM, ESQ. (via fax – 914-946-0134
   LAW OFFICE OF DONALD FRUM, ESQ. (via fax -914-347-8760)
   GALLAGHER, WALKER, BIANCO & PLASTARAS, ESQS. (via fax – 516-248-2394)

55 Church St.
White Plains, New York 10601
914-385-6000
914-3895-6060



# Hodges Walsh & Slater, LLP

# Fax

| **To:** | Honorable William C. Connor | **From:** | Harold L. Moroknek |
|---|---|---|---|
| **Fax:** | 914-390-4170 | **Pages:** | 4 including cover page |
| **Phone:** | | **Date:** | May, 28, 2008 |
| **Re:** | Landrigan v. Kaytes | **cc:** | Francis D. Phillips, II, Esq. <br> Clifford G. Kleinbaum, Esq. <br> Law Office of Donald Frum, Esq. <br> Gallagher, Walker, Bianco & Plastaras |

☐ **Urgent**   ☐ **For Review**   ☐ **Please Comment**   ☐ **Please Reply**   ☐ **Please Recycle**

● **Comments:**

55 Church Street – Suite 211
White Plains, New York 10601
914-385-6000 Tel.
914-385-6060 Fax.

**Hodges Walsh & Slater, LLP**

# Fax

To: Rosa
From: Lisa McWhirter
Fax: 914 – 390 – 4170
Pages: 3 (including cover)
Phone: 914 – 390 – 4166
Date: 5/13/08
Re: Landrigan v. Kaytes 07-civ-8669 Cliff Kleinbaum (π's attorney) 914 – 946 – 0134

☐ Urgent ☐ For Review ☐ Please Comment ☐ Please Reply ☐ Please Recycle

• Comments:

Rosa,

Attached, please find a copy of the subpoena sent to Jamie Ferrara for a deposition on May 14, 2008 at 10:00 a.m.

If you have any questions, please call me at 914-385-6000.

Thanks,

Lisa McWhirter

≥AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

FREDERICK E. LANDRIGAN

V.

LEO R. KAYTES, JR., ET AL.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07-CIV-8669

TO: JAMIE FERRARA

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Rockland & Orange Reporting<br>198 Main Street, 2nd Floor, Goshen, New York 10924 | 5/14/2008 10:00 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all documents relating to the conversations you had with P.O. Ron Donnatin with respect to the above referenced matter.

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attny for Defs Ron Donnatin and Town of Warwick | 4/11/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
JOHN J. WALSH, Hodges, Walsh & Slater, 55 Church Street, Suite 211, White Plains, NY 10601 (914) 385-6000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 4/11/2008 | 255-275 Main Street, Goshen, NY 10924 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Jamie Ferrara | Mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    4/11/2008
                  DATE

SIGNATURE OF SERVER

Hodges, Walsh & Slater, LLP

ADDRESS OF SERVER

55 Chuch Street, Suite 211, White Plains, NY 10601

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
 (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction -- which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
 (2) Command to Produce Materials or Permit Inspection.
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
 (3) Quashing or Modifying a Subpoena.
  (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person -- except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information;
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
 (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
 (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) Claiming Privilege or Protection.
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
 The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).